IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOHN ADAM SORG, <br><br> Plaintiff, <br><br> v. <br><br> REWARDS FOR JUSTICE, et al., <br><br> Defendants. | **REPORT AND RECOMMENDATION** <br><br> Case No. 2:13-cv-1068-RJS-EJF <br><br> Judge Robert J. Shelby <br><br> Magistrate Judge Evelyn J. Furse |

On December 2, 2013, Plaintiff John Sorg filed his Complaint against Rewards for Justice and the Federal Bureau of Investigation. (ECF No. 3.) Currently pending in this case are Mr. Sorg's Motion for Service of Process (ECF No. 4) and Motions for Appointment of Counsel (ECF Nos. 5, 7).

The Court[1] held a hearing on March 6, 2014, and ordered Mr. Sorg to file an amended complaint to further clarify his claims to see if he could state a cause of action upon which this Court could grant relief. (ECF No. 13.) Mr. Sorg filed amendments to his Complaint on March 7, 11, and 19, 2014. (ECF Nos. 14, 15, 16.)[2] The Court has carefully considered Mr. Sorg's filings and his statements at the March 6 hearing and RECOMMENDS the District Court DISMISS this case pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B), for lack of subject-matter jurisdiction or, alternatively, for frivolity.

---

[1] On December 20, 2013, Judge Robert J. Shelby referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B). (ECF No. 6.)

[2] The Court considered the Complaint (ECF No. 3) and the subsequent filings (ECF Nos. 14, 15, 16) together as one amended complaint.

-1-

**BACKGROUND**

Mr. Sorg proceeds *pro se*; therefore, the Court construes his pleadings liberally. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003) (citation omitted). Despite a liberal reading, Mr. Sorg's Complaint remains implausible. Mr. Sorg alleges he provided information he gained using "remote viewing" to the Central Intelligence Agency ("CIA"), Rewards for Justice, and the Federal Bureau of Investigation ("FBI"). (Compl., ECF No. 3 at 4–5.)[3] Mr. Sorg's Amended Complaint defines "remote viewing" as "a mental faculty that allows a perceiver (a 'viewer') to describe or give details about a target that is inaccessible to normal senses due to distance, time, or shielding." (Am. Compl., ECF No. 14 at 2.) Mr. Sorg alleges he used this technique to obtain information about international terrorists. (Compl., ECF No. 3 at 5.) Mr. Sorg explained this process in more detail at the hearing.

The Complaint states Mr. Sorg's work focused on five "Highly Valued Individuals/H.V.I.'s" and that he performed his work on a "percentage basis related to each of the five H.V.I.'s." (*Id.* at 5–6.) Mr. Sorg's Amended Complaint identifies three of these Highly Valued Individuals and clarifies that he seeks 25% percent of the rewards offered for Osama Bin Laden ($25 million), "Mehsud #1" ($5 million), and "Mehsud #2" ($5 million), for a total of $8.75 million. (Am. Compl., ECF No. 14 at 9–10, 17–18.) Mr. Sorg revises this number to $10 million in a subsequent filing. (ECF No. 15.)

**DISCUSSION**

Mr. Sorg received leave to proceed *in forma pauperis*. (ECF No. 2.) The *in forma pauperis* statute requires that a court dismiss an *in forma pauperis* complaint if it finds the action

---

[3] This Report and Recommendation refers to the page numbers stamped by the Court's electronic case filing system.

frivolous or malicious, or if the action fails to state a claim on which the court can grant relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). A complaint "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). This Court's patent lack of subject-matter jurisdiction over Mr. Sorg's case renders his action frivolous. See id. at 327 n.6; see also Mobley v. Ryan, No. 00 C 7965, 2000 WL 1898856, at *1 (N.D. Ill. Dec. 29, 2000) ("Where the court has no subject matter jurisdiction there is 'no rational argument in law or fact' to support the claim for relief and the case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).")[4] The baselessness of Mr. Sorg's factual contentions separately renders his action frivolous. See Neitzke, 490 U.S. at 327–28. The undersigned Magistrate Judge therefore recommends the District Court dismiss this case as frivolous under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B)(i).

**A. Subject-Matter Jurisdiction**

The Department of State administers the rewards program Mr. Sorg identifies as Rewards for Justice, *see* 22 U.S.C. § 2708, and the FBI is a federal agency. The United States of America thus constitutes the real party in interest. *See* Ghandi v. Police Dep't, 747 F.2d 338, 342–43 (6th Cir. 1984) (citations omitted) (recognizing United States as real party in interest in case against federal agencies like FBI); Cortez v. E.E.O.C., 585 F. Supp. 2d 1273, 1283–84 (D.N.M. 2007) (citations omitted) (recognizing United States as real party in interest in cases against federal departments or agencies).

Because sovereign immunity generally shields the United States and its agencies from suit, plaintiffs bringing claims against the United States or its agencies must "point to a specific

---

[4] The Tenth Circuit has also recognized that courts may dismiss cases for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) where the case suffers a jurisdictional defect. *See, e.g.*, Mehio v. Sonntag, 463 F. App'x 804, 805 (10th Cir. 2012) (affirming district court's dismissal of case under § 1915(e)(2)(B)(ii) for lack of subject-matter jurisdiction).

waiver of immunity in order to establish jurisdiction." *See Normandy Apartments, Ltd. v. U.S. Dep't of Hous. & Urban Dev.*, 554 F.3d 1290, 1295 (10th Cir. 2009) (citations omitted); *Rodriguez v. FBI*, 876 F. Supp. 706, 709 (E.D. Pa. 1995) ("In cases where the United States is the real party in interest, the doctrine of sovereign immunity applies unless Congress has waived immunity through the passage of a statute authorizing such actions."). Mr. Sorg points to no statute that waives sovereign immunity for the claims he alleges.

The Tucker Act[5] provides the only possible basis for jurisdiction over Mr. Sorg's claims as it permits money damages based on statute or contract. *See* 28 U.S.C. §§ 1346, 1491. "The Tucker Act, of course, is itself only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages. The Court of Claims has recognized that the Act merely confers jurisdiction upon it whenever the substantive right exists." *U. S. v. Testan*, 424 U.S. 392, 398 (1976) (citation omitted). Thus, "to invoke jurisdiction under the Tucker Act, a plaintiff must point to a substantive right to money damages against the United States." *Hamlet v. United States*, 63 F.3d 1097, 1101 (Fed. Cir. 1995) (citing *Testan*, 424 U.S. at 398). A plaintiff may satisfy this burden by "identify[ing] a constitutional provision, statute, regulation, or contract that independently creates a substantive right to money damages." *Fleming v. United States*, 413 F. Supp. 2d 503, 505 (E.D. Pa. 2005). Mr. Sorg fails to meet this burden.

Mr. Sorg's Amended Complaint identifies five statutes and one executive order. (Am. Compl., ECF No. 14 at 4–5.) The Amended Complaint appears to cite three of these statutes and

---

[5] There are several versions of the Tucker Act: The Big Tucker Act, 28 U.S.C. § 1491; the Little Tucker Act, 28 U.S.C. § 1346; and the Indian Tucker Act, 28 U.S.C. § 1505.

the executive order as background information that "outlines FBI intelligence authorities."[6] (*Id.* at 4.)  The Amended Complaint cites the two remaining statutes, 22 U.S.C. § 2708 and 18 U.S.C. §§ 3071–76, as the basis for Mr. Sorg's claims against Rewards for Justice and the FBI for reward money.  (*Id.* at 4–5.)

22 U.S.C. § 2708 establishes the Department of State rewards program.  But "the administration of the Rewards Program lies within the 'sole discretion' of the Secretary of State, subject only to consultation with the Attorney General."  *Heard v. U.S. Dep't of State*, No. 08-02123 (RBW), 2010 WL 3700184, at *4 (D.D.C. Sept. 17, 2010) (citing 22 U.S.C. § 2708(b)).  Moreover, the rewards program specifically precludes judicial review.  22 U.S.C. § 2708(j) ("A determination made by the Secretary under this section shall be final and conclusive and shall not be subject to judicial review.").  This statute therefore cannot create a substantive right to money damages against the United States.  *Heard*, 2010 WL 3700184, at *4 (noting Secretary of State's "sole discretion" over reward program, preclusion of judicial review, and dismissing reward claim based on § 2708 for lack of subject-matter jurisdiction).

The other statute the Amended Complaint cites, 18 U.S.C. § 3071, likewise cannot create a substantive right to money damages against the United States.  This statute provides the Attorney General with discretion to grant reward money.  *Id.*  However, 18 U.S.C. § 3071 "does not mandate a reward for information."  *Fleming*, 413 F. Supp. 2d at 506.  Although Mr. Sorg identifies contract as the nature of suit on his Civil Cover Sheet, (*see* Civil Cover Sheet, ECF No. 3-1), he identifies no express contract.  Neither does Mr. Sorg allege a basis for relief under an implied contract theory.  An implied-in-fact contract "requires the pleading of the elements of an

---

[6] These are:  Title II of the Intelligence Reform and Terrorism Prevention Act of 2004, Public Law 108-458, 118 Stat. 3638; 50 U.S.C. § 401 *et seq.* (now codified at 50 U.S.C. § 3002 *et seq.*); 50 U.S.C. § 1801 *et seq.*; and Exec. Order No. 12333, 46 Fed. Reg. 59941 (Dec. 4, 1981).

express contract including consideration, mutuality of intent, and definiteness of terms." *Fleming*, 413 F. Supp. 2d at 506 (citation omitted). Relief under this theory "also requires that the officer whose conduct is relied upon have the actual authority to bind the government in contract." *Id.* (citation omitted). Neither the Complaint's allegations nor Mr. Sorg's explanation of events at the hearing satisfy this standard.

Even if Mr. Sorg could identify a "statute, regulation, or contract that independently creates a substantive right to money damages," *id.* at 505, jurisdiction would not lie with this Court. "The Tucker Act 'vests exclusive jurisdiction with the Court of Federal Claims for claims against the United States founded upon the Constitution, Acts of Congress, executive regulations, or contracts and seeking amounts greater than $10,000.'" *Normandy Apartments*, 554 F.3d at 1295 (quoting *Burkins v. United States*, 112 F.3d 444, 449 (10th Cir. 1997)). Because Mr. Sorg seeks over $10,000, jurisdiction would lie exclusively with the U.S. Court of Federal Claims.[7] *Id.* Accordingly, the undersigned Magistrate Judge recommends the District Court find it lacks subject-matter jurisdiction over Mr. Sorg's claims and dismiss the Complaint.

### B. Mr. Sorg's Case is Factually Frivolous

In *Nietzke*, the Supreme Court explained the meaning of the term "frivolous" in the context of the *in forma pauperis* statute by stating that

> a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. . . . [The] term "frivolous," when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.

---

[7] Although 28 U.S.C. § 1631 provides that a court that lacks subject-matter jurisdiction may, in the interests of justice, transfer the case to an appropriate court, additional defects in this case make transfer inappropriate.

490 U.S. at 325 (citations omitted). The *in forma pauperis* statute gives courts authority to "dismiss those claims whose factual contentions are clearly baseless . . . [such as] claims describing fantastic or delusional scenarios." *Id.* at 327–28; *see also Hall v. Bellmon*, 935 F.2d 1106, 1108–10 (10th Cir. 1991). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 33 (1992). Mr. Sorg's filings and statements to this Court meet this standard.

Mr. Sorg claims he used "remote viewing" to provide counter-terrorism intelligence to the United States. Mr. Sorg notes in his Amended Complaint that "Remote viewing can be termed under phenomena such as clairvoyance or telepathy." (Am. Compl., ECF No. 14 at 2.) Mr. Sorg alleges he used "remote viewing" to see terrorists across the world. (*See id.* at 21.) Mr. Sorg's Amended Complaint recounts many of these "remote viewing" sessions, whereby he saw Osama Bin Laden "eating small pieces of bread" and "walking down a hill," among other things. (*See id*. at 10–16.) During a "remote viewing" session related to "Mehsud #1," Mr. Sorg recounts a "[w]oman in her 40's opening door to her house. Agreeable and smiling as she welcomes my being there, so to speak." (*Id.* at 17.) Mr. Sorg recounts the following about a "remote viewing" shortly before an attempt to assassinate Hamid Karzai: "I remote viewed two weeks prior to the attempt that I felt assasination [*sic* throughout] was in the air. . . . I viewed this meeting and my spirit/persona traveled thru them to pick up my thoughts that 'assasination was in the air.'" (*Id.* at 21.)

Mr. Sorg's filings also include nonsensical passages such as the following:

> In early to mid December 2009 I was very involved with satellite google form as I was thinking at my desk. Gazing into the distance and incorporating a detective's sixth sense I mentioned (captured intel) and wrote down in January 2010 to focus on triangle forms and connections starting large with city to city and close them in to the smallest form to connect to a terrorist location O.B.L.'s [Osama Bin Laden] property was in triangle form.

(*Id.* at 12.)

Mr. Sorg's original Complaint includes the following description of his alleged injury: "Since the attempts by me to gain monetary facility (paid for my work) there has been a mechanized device used to harrass [*sic*] and intimidate me.  Physical and psychological abuse is common.  Only I have received the abuse.  Ringing ears, earache, neckache [*sic*], dizziness, intimidation.  Via voice over transport."  (Compl., ECF No. 3 at 9.)

Mr. Sorg's case meets the definition of baseless or frivolous.  *Cf. Hafen v. Carter*, 274 F. App'x 701, 702–03 (10th Cir. 2008) (affirming *sua sponte* dismissal of *in forma pauperis* complaint where *pro se* plaintiff claimed Utah and two co-conspirators had prevented him from using a parcel of land for building a solar city, and he had taken leave from his employment to work with his friend, California Governor Schwarzenegger, to help western states with water and power issues).  Mr. Sorg's case lacks both credibility and rationality; therefore, if the Court does not dismiss this case for lack of jurisdiction, the undersigned Magistrate Judge recommends the Court dismiss this case as factually frivolous under the *in forma pauperis* statute.

**C. Other Requests**

Mr. Sorg requests a speedy trial.  (Am. Compl., ECF No. 14 at 6.)  Because the Speedy Trial Act does not apply in civil cases, *see* 18 U.S.C. § 3161; *United States v. Forty Thousand Dollars ($40,000.00) in U.S. Currency*, 763 F. Supp. 1423, 1429 (S.D. Ohio 1991) (noting "right to a speedy trial only applies to criminal prosecutions"), the Court denies this request.  Mr. Sorg also requests appointment of counsel.  (Am. Compl., ECF No. 14 at 6.)  Because the undersigned Magistrate Judge finds this case frivolous, the Court denies Mr. Sorg's request for appointment of counsel.

**RECOMMENDATION**

For the reasons set forth above, the undersigned Magistrate Judge RECOMMENDS the District Judge DISMISS this case under the *in forma pauperis* statute. 28 U.S.C. § 1915(e)(2)(B).

The Court will send copies of this Report and Recommendation to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days of service thereof. *Id.* Failure to object may constitute waiver of objections upon subsequent review.

Dated this 26th day of March, 2014.

BY THE COURT:

Evelyn J. Furse
United States Magistrate Judge